```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION

GLORIA NORFLEET,                      :
                                      :
     Plaintiff,                       :
                                      :
vs.                                   :    CIVIL ACTION 11-0482-M
                                      :
MICHAEL J. ASTRUE,                    :
Commissioner of Social Security,      :
                                      :
     Defendant.                       :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 14-15). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 22). Oral argument was waived in this action (Doc. 24). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty-four years old, had completed a high school education (Tr. 41), and had previous work experience as a babysitter, food service manager, and nursery home worker (Tr. 41-47). In claiming benefits, Plaintiff alleges disability due to morbid obesity, umbilical hernia, hypertension, headaches, duodenal ulcer disease, diabetes, peripheral vascular edema, carpal tunnel syndrome, intra abdominal mass, osteoarthritis, peripheral neuritis, cholecystitis, and depression (Doc. 14).

The Plaintiff filed applications for disability and SSI on January 7, 2009 (Tr. 132-38; *see also* Tr. 9). Benefits were denied following a hearing by an Administrative Law Judge (ALJ)

who determined that although she could not return to her past relevant work, there were specified sedentary jobs which Norfleet could perform (Tr. 9-28).  Plaintiff requested review of the hearing decision (Tr. 5) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Norfleet alleges that:  (1) The Appeals Council failed to properly examine newly-submitted evidence; (2) the ALJ's residual functional capacity (hereinafter *RFC*) fails to consider all of her impairments; (3) the ALJ failed to complete a Psychiatric Review Technique Form (hereinafter *PRTF*) or incorporate that information into the decision; and (4) the ALJ's hypothetical questions to the vocational expert were not complete (Doc. 15).  Defendant has responded to—and denies—these claims (Doc. 19).

Plaintiff's first claim is that the Appeals Council failed to properly examine newly-submitted evidence (Doc. 15, p. 8).  It should be noted that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence."  *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985).  However, "new evidence first submitted to the Appeals Council is part of the

3

administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994).  Under *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1264 (11th Cir. 2007), district courts are instructed to consider, if such a claim is made, whether the Appeals Council properly considered the newly-submitted evidence in light of the ALJ's decision.  To make that determination, the Court considers whether the claimant "establish[ed] that:  (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

In examining the action at hand, the Court notes that the Appeals Council denied review of the additional evidence (Tr. 1-4).  Therefore, the Court will look at the three prongs of *Caulder* to determine how to proceed.

In examining the new evidence, the Court notes that, with few exceptions, the treatment notes, pain form, and medical

4

source statement from Dr. Judy Travis (Tr. 517-29) represent periods of time either pre-dating Norfleet's asserted date of disability, May 27, 2007, or post-date the ALJ's decision date of July 16, 2010.  Dr. Travis examined Plaintiff on July 15, July 27, and August 5, 2010 (Tr. 521-22), but the notes shed no new evidence leading to a disability finding; the Court further notes that the treatment notes post-dating the ALJ's decision provide no indication that the diagnoses relate back to any earlier period (*see* Tr. 518-20).  Dr. Travis also completed a medical source statement which indicates that Plaintiff is extremely limited in her ability to do anything (Tr. 527-29). The Court notes that the form is dated March 14, 2011 and indicates that these limitations date back to 2009 (Tr. 529), though there is a gap in treatment notes from September 28, 2006 until July 15, 2010.

    The Court notes that the medical notes from Dr. Fernando Alegria date from November 24, 2008 through April 7, 2009 (Tr. 530-52) and concern Norfleet's complaints of abdominal pain. Though some of this evidence duplicates other records already available in the transcript (*see* Tr. 290, 303-04, 306-09), the Court notes that later records from Dr. Alegria (Tr. 446-58) provide information more germane to Plaintiff's impairments, but

5

still come up short in Plaintiff's burden of proving disability.

The Court finds that the three-prong standard has not been met because there is not a reasonable possibility that it would change the administrative result.  The evidence from Dr. Travis does not relate to the relevant period of consideration; the evidence from Dr. Alegria is cumulative to and pre-dates more relevant evidence in the record.  Norfleet's claim that the Appeals Council failed to properly examine newly-submitted evidence is without merit.

Plaintiff next claims that the ALJ's determination of her *RFC* fails to consider all of her impairments.  More specifically, Norfleet asserts that the ALJ failed to consider: (a) the severity of some of her impairments; (b) the combined effect of her impairments; and (c) the effect her medications have on her (Doc. 15, pp. 2-5, 6-8).  The Court notes that the ALJ is responsible for determining a claimant's RFC.  20 C.F.R. § 404.1546 (2011).

In connection with this claim, the Plaintiff first asserts that the ALJ failed to consider the severity of her impairments. She specifically references her carpal tunnel syndrome, headaches, duodenal ulcer disease (Doc. 15, p. 4).  The Court notes that , in *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.

1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2011).[1] The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

    The Court notes that the ALJ found that certain of Norfleet's impairments were severe (Tr. 12). Though not stating specifically that the impairments Plaintiff now references were

---

[1] "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

7

severe or not, the ALJ's failure to include them in the list implicitly relegates them to the level of non-severe impairments. The Court would further note that although Plaintiff has cited numerous references in the record to substantiate the existence of these impairments, Norfleet has not shown that they, individually, inhibit her ability to work under *Brady*. As such, the Court finds no error in the ALJ's failure to specifically designate the impairments as severe or non-severe.

Plaintiff next claims that the ALJ's determination of her *RFC* fails to consider the combined effect of her impairments. It is true that "the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."  42 U.S.C. § 423(d)(2)C). The Eleventh Circuit Court of Appeals has noted this instruction and further found that "[i]t is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984); *see also Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984); *Wiggins v. Schweiker*,

8

679 F.2d 1387 (11th Cir. 1982).

In the ALJ's findings, he lists Plaintiff's impairments and concludes by saying that she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" (Tr. 12). This specific language has been upheld by the Eleventh Circuit Court of Appeals as sufficient consideration of the effects of the combinations of a claimant's impairments. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (the claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4"). Norfleet's claim notwithstanding, the ALJ has sufficiently met the *Jones* requirement.

Plaintiff next claims that the ALJ's determination of her *RFC* fails to consider the effect her medications have on her. More specifically, Norfleet argues that the fact that the medical records show that she takes seven different blood pressure medications should be sufficient evidence to support her assertion that it causes her to need to urinate three times hourly (Doc. 15, p. 6).

The ALJ specifically addressed this issue, noting that

medical evidence had supported her claim of frequent urination in March 2007 though "the treatment records reveal that the claimant failed to report having any problem with frequent urination after that date" (Tr. 22).  The evidence supports this conclusion and Norfleet has failed to point to anything suggesting otherwise.  Plaintiff's assertion that her taking seven hypertension medications should be evidence enough is baseless.

   Finally, with regard to the RFC, Norfleet has asserted that the ALJ ignored the impact of her morbid obesity (Doc. 15, pp. 6-8).  The Court notes that, in SSR 02-1p, the Social Security Administration issued a ruling entitled *Evaluation of Obesity* which examines the analysis for determining the following: whether a person is obese (based on a formula known as the Body Mass Index); whether the obesity is a medically determinable impairment; and whether the obesity is severe.  The latter determination is made by determining whether "it significantly limits an individual's physical or mental ability to do basic work activities."  SSR 02-1p.

   The ALJ specifically noted that he had considered the impact, noting that obesity was no longer a Listing (Tr. 25). The ALJ specifically found that Norfleet had the ability to

perform specified sedentary jobs.  As with Plaintiff's claim concerning the ALJ's failure to consider the combined effect of her impairments, the Court finds that this claim lacks merit.

Norfleet has also claimed that the ALJ failed to complete a PRTF or incorporate that information into the decision. Defendant has pointed out, in brief, that the law had changed at the time of the ALJ's decision so that the Form was no longer required (Doc. 19, p. 11, n.8).  20 C.F.R. § 404.1520a (2011). However, since that time, the Eleventh Circuit Court of Appeals, in *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005), has held that "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, and incorporate its mode of analysis into his findings and conclusions.  Failure to do so requires remand."

Defendant has further asserted, however, that Plaintiff did not assert a mental impairment during the administrative proceedings (Doc. 19, p. 11).  The evidence shows that a disability report completed by Plaintiff in connection with her application asserts no mental impairments (Tr. 178).  The Court also notes that the ALJ specifically listed physical impairments which Norfleet had asserted as the basis for her disability

11

claim (Tr. 36), and that when he queried her about her ailments, she, again, asserted no mental impairments (*see* Tr. 48-52, 56-59; *see generally* Tr. 35-76). Plaintiff cannot now avail herself of the ALJ's failure to address a claim not asserted.

Norfleet's final claim is that the ALJ's hypothetical questions to the vocational expert were not complete. This claim was made in connection with Plaintiff's various assertions regarding the ALJ's failure to properly consider her RFC (Doc. 15, pp. 3-4).

The Court notes that the Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a vocational expert to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). As the Court has already found, in this Memorandum Opinion, that Norfleet's assertion that the ALJ did not properly consider the severity of some of her impairments to be without merit, this claim too must fail.

Plaintiff has raised four different claims in bring this action; none of those claims have merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 7th day of May, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE